# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:15-CR-42-2-TLS |
| | 1:18-CV-172-TLS |
| SHAIKI SUTTON | |

## OPINION AND ORDER

This matter is before the Court on Defendant Shaiki Sutton's Motion for Relief from Judgment [ECF No. 344], filed on July 26, 2019. For the reasons detailed below, the Defendant's Motion is dismissed.

## BACKGROUND

On August 10, 2017, the Defendant pled guilty to two counts of a five-count indictment [ECF No. 262]. Specifically, the Defendant pled guilty to Count 3, Attempting to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(a) and (b), and Count 5, Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). For the purposes of the Count 5 § 924(c) conviction, the crime of violence was the attempted Hobbs Act robbery set forth in Count 3. On January 31, 2018, the Court sentenced the Defendant to a term of imprisonment of 36 months under Count 3 and a term of imprisonment of 60 months under Count 5 [ECF No. 301]. The Court ordered that the terms of imprisonment were to be served consecutively.

On June 11, 2018, the Defendant filed a Summary Motion to Vacate Judgment Under 28 U.S.C. § 2255 [ECF No. 313]. To support his § 2255 Motion, the Defendant presented a two-part argument based on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018): that the attempted Hobbs Act robbery could not be considered a crime of violence because the

residual clause definition of a crime of violence, § 924(c)(3)(B), is unconstitutionally vague or, alternatively, even if Hobbs Act robbery is a crime of violence under the elements clause, § 924(c)(3)(A), his conviction for attempted robbery does not qualify. *See* April 17, 2019 Opinion and Order, ECF No. 336. In its April 17, 2019 Opinion and Order [ECF No. 336], this Court dismissed the Defendant's § 2255 Motion, explaining that the Defendant was convicted under the elements clause of § 924(c), which is unrelated to and unaffected by the Supreme Court's decision in *Dimaya*, and that his conviction under 18 U.S.C. § 1951(a) and (b) does qualify as a crime of violence under § 924(c)(3)(A), even though his conviction was for an attempted and not a completed robbery. On July 26, 2019, the Defendant filed the instant Motion for Relief from Judement [ECF No. 344] requesting relief pursuant to Federal Rule of Civil Procedure 60(b)(6).

## ANALYSIS

It is well established that "'Rule 60(b) has an unquestionably valid role to play in habeas cases,'" but can only be used by a prisoner in "rare circumstances." *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). When a prisoner brings a Rule 60(b) motion in a habeas case, the court must first address whether the defendant is "entitled to use a Rule 60(b) motion." *Id.* This necessarily requires the court to determine whether the defendant, by filing a Rule 60(b) motion, is attempting to bypass the certification process for filing a second or successive § 2255 motion as outlined under 28 U.S.C. §2255(h). *Id.* If the court determines that a defendant's Rule 60(b) motion is proper, only then may it assess the merits of the defendant's argument. *Id.*

A defendant seeking relief under Rule 60(b)(6) in a habeas case must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *see also Ramirez*, 799 F.3d at 850. A change in law alone is not sufficient to satisfy this requirement. *Ramirez*, 799 F.3d

at 850 (citing *Gonzalez*, 545 U.S. at 536). If a defendant's Rule 60(b)(6) motion seeks only to challenge the validity of the defendant's underlying conviction based on a change in the law, the motion is, in reality, a second or successive § 2255 motion over which the district court lacks jurisdiction. *Id.* In such a scenario, the court must dismiss the motion as the defendant must receive certification from the court of appeals before he or she is permitted to file such a motion. *See* 28 U.S.C. 2255(h); *In re Mullins*, 942 F.3d 975 (10th Cir. 2019).

In the instant case, the Defendant's Rule 60(b) Motion is improper. The Defendant's Motion is barren of any facts or details alleging the existence of an extraordinary circumstance that mandates relief under Rule 60(b). Instead the Motion attempts to challenge the validity of his conviction based on the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] As such, the Court concludes that the Defendant's Motion is more properly viewed as a second or successive § 2255 motion. The Defendant has not received certification from the Court of Appeals for the Seventh Circuit to file a second or successive § 2255 motion; therefore, this Court lacks jurisdiction to assess the merits of the Defendant's argument. As the Defendant's Motion is improper under both Rule 60(b) and § 2255, it must be dismissed.

## NO CERTIFICATE OF APPEALABILITY

The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2255 Proceedings. The substantial showing

---

[1] The Court notes that the Defendant's Motion raises substantially the same argument he raised in his prior Summary Motion to Vacate Judgment Under 28 U.S.C. § 2255 [ECF No. 313]; however, the arguments now rely on *Davis* instead of *Dimaya* for support.

3

standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Therefore, the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Defendant's Motion for Relief from Judgement [ECF No. 344] is DISMISSED. Further, the Court DECLINES to issue a Certificate of Appealability.

SO ORDERED on January 9, 2020.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT