**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-CR-42-HAB |
| | ) | |
| SHAIKI SUTTON | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Emergency Motion for Compassionate Release (ECF No. 355). Defendant's motion was referred to the Federal Community Defender to consider representing Defendant. (ECF No. 358). The FCD declined. (ECF No. 359). The Government filed its response (ECF No. 360) on November 24, 2020. The time for a reply has passed with no filing from Defendant. This matter is ripe for review.

**A.      Offense of Conviction**

Defendant was part of a group of five people that attempted to rob a locked credit union in July 2015. They were unsuccessful, but Defendant was successful in being found with a mask and zip ties shortly after the attempted offense. Following an indictment, Defendant pleaded guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and (b) and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to a total term of 96 months' imprisonment with two years of supervised release to follow. Defendant is currently incarcerated at FCI Elkton in Lisbon, Ohio, with an anticipated release date of June 6, 2022.

B.      **Legal Discussion**

1.      *Extraordinary and Compelling Reasons*

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further. Here, there is no evidence as to whether Defendant exhausted his remedies with the warden of his prison facility. "Two questions are presented by this issue, namely whether the exhaustion requirement is jurisdictional and whether, if not jurisdictional, the

exhaustion requirement is waivable over the government's objection." *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at \*4 (N.D. Ind. June 11, 2020).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at \*1 (N.D. Ind. Apr. 30, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015); *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at \*2 (N.D. Ind. June 19, 2020) ("Because Congress did not mark the exhaustion requirement as jurisdictional, the Court finds that it is non-jurisdictional."); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at \*3 (S.D. Ind. Apr. 21, 2020). The Seventh Circuit has recently weighed in on the issue, confirming this Court's approach. *United States v. Gunn*, --- F.3d ---, \*1 (7th Cir. Nov. 20, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, her

age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

Whether Defendant has conditions that would entitle him to compassionate release is a question the Court need not reach. Defendant bears the burden of establishing his entitlement to compassionate release. *United States v. Gold*, 2020 WL 2197839 at *1 (N.D. Ill. May 6, 2020). No conditions are identified in Defendant's motion, and no medical evidence has been submitted.

Therefore, the Court has absolutely no basis before it on which it could find that Defendant suffers from a medical condition that would support the granting of a request for compassionate release.

**2.      *§ 3553(a) Factors***

Finally, the Court finds that the § 3553(a) do not support release. Defendant received the statutory mandatory minimum on the § 924(c) charge, and the bottom end of the guideline range on the Hobbs Act charge. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. Having already given the Defendant a lenient sentence, the Court finds that the significant reduction Defendant requests would undermine the foregoing statutory sentencing factors.

**3.      Conclusion**

For the foregoing reasons, Defendant's request for compassionate release (ECF No. 355) is DENIED.

SO ORDERED on December 14, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT